UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRIVATE CLIENT FIDUCIARY CORPORATION, a Washington Corporation, as Guardian and Conservator of JOGINDER CHOPRA, M.D., an Incapacitated Person,<br><br>     Plaintiff,<br>  v.<br><br>PHAM SINGH CHOPRA, et al.,<br><br>     Defendants. | CASE NO. 22-CV-00436-LK<br><br>ORDER TO SHOW CAUSE |

  This matter comes before the Court sua sponte. In its complaint, Plaintiff Private Client Fiduciary Corporation claims that the Court has diversity jurisdiction over this action. Dkt. No. 1 at 2. Private Client, however, fails to allege facts sufficient for the Court to ascertain its citizenship. Nor do its allegations establish the citizenship of Jane Doe Chopra or Akal Institute.

  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court therefore has "an independent obligation to determine whether subject-

ORDER TO SHOW CAUSE - 1

matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3) (the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction"). As the party asserting jurisdiction, Private Client has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). As for the second requirement, the plaintiff must establish "complete diversity," meaning "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *accord, e.g.*, *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019); *Williams v. United Airlines*, 500 F.3d 1019, 1025 (9th Cir. 2007).

For diversity purposes, a corporation is a citizen "of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Here, the complaint alleges that Akal Institute "is a Delaware Corporation" and "is a corporation incorporated in the State of Delaware," but does not otherwise identify its principal place of business. Dkt. No. 1 at 2.[1] Nor does it allege the principal place of business of Private Client Fiduciary Corporation. Dkt. No. 1 at 2. When the party asserting jurisdiction leaves "unclear where

---

[1] Akal Institute answered the complaint and admitted that it is a Delaware corporation but has not otherwise disclosed its principal place of business. *See* Dkt. No. 9 at 1–2.

ORDER TO SHOW CAUSE - 2

. . . corporations have their principal place of business, it is uncertain whether there is actually diversity of citizenship." *The Ridge at Riverview Homeowner's Ass'n v. Country Cas. Ins. Co.*, No. 21-CV-00950-LK, 2023 WL 22678, at *3 n.4 (W.D. Wash. Jan. 3, 2023) (internal quotation marks omitted) (quoting *Toll CA, L.P. v. Am. Safety Indem. Co.*, No. 16CV1523 BTM(RBB), 2016 WL 10907093, at *1 (S.D. Cal. June 27, 2016)).

Private Client also fails to allege the citizenship of defendant Jane Doe Chopra. While a plaintiff's naming of a Jane Doe defendant "does not destroy diversity jurisdiction automatically," the plaintiff "must at least show that the J[ane] Doe defendant[ is a] citizen[] of [a] state[] other than the [plaintiff's] states of citizenship." *Ancient Egyptian Arabic Ord. Nobles Mystic Shrine of N. & S. Am. & its Jurisdiction, Inc. v. Most Worshipful Prince Hall Grand Lodge of Va., Free & Accepted Masons, Inc.*, No. 3:09cv521, 2009 WL 4068454, at *2 (E.D. Va. Nov. 19, 2009).

Private Client is accordingly ORDERED to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. It must file a response to this Order no later than January 19, 2023 identifying the citizenship of Private Client Fiduciary Corporation, Jane Doe Chopra, and Akal Institute. Failure to do so will result in dismissal.

Dated this 12th day of January, 2023.

Lauren King
United States District Judge