UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRIVATE CLIENT FIDUCIARY CORPORATION, a Washington Corporation, as Guardian and Conservator of JOGINDER CHOPRA, M.D., an Incapacitated Person,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PHAM SINGH CHOPRA, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 22-CV-00436-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATION |

This matter comes before the Court on the parties' Stipulated Motion Re Issues Remaining for Trial. Dkt. No. 75. They request an order "limiting the issues for trial to damages, without waiver of Pham Singh Chopra's Fifth Amendment rights[.]" *Id.* at 1. The parties specifically ask the Court to order as follows:

1. Defendant Pham Chopra does not contest his liability on Plaintiff's claims asserted against him for conversion and breach of fiduciary duty, which is therefore considered established.

ORDER GRANTING IN PART AND DENYING IN PART STIPULATION - 1

2. Defendant Akal Institute does not contest its liability on Plaintiff's claim for conversion asserted against Akal Institute, which is therefore considered established.

3. The sole remaining issue in the case is Plaintiff's claimed actual damages arising from defendants' liability on Plaintiff's claims, if any.

4. The defendants have waived all defenses they might have had as to liability on each of the claims. The defendants reserve and preserve all defenses on the issue of damages and may also dispute the amount of any attorney's fees or costs sought.

5. Mr. Chopra's stipulation to liability is without prejudice to and does not constitute a waiver of his Fifth Amendment rights in this proceeding which are preserved.

6. The jury will be instructed that Pham Chopra's lability has been established on both the conversion and the breach of fiduciary duty claims and that, as to Pham Chopra, they must determine the amount of actual damages, if any, sustained by Dr. Chopra, resulting from all the assets transferred to Pham Chopra and Akal Institute as alleged in the Complaint for Damages.

7. The jury will be instructed that Akal Institute's liability has been established on the conversion claim and that, as to Akal Institute, they must determine the amount of actual damages, if any, sustained by Dr. Chopra resulting from the assets transferred from Dr. Chopra's accounts on February 22, 2019 as identified in the Complaint for Damages, paragraph 3.5, and in Plaintiff Private Client Fiduciary Corporation's response to Akal Institute's Interrogatory No. 2 dated March 13, 2023.

Dkt. No. 76 at 3–4.

Issues for trial and admitted facts are typically presented to the Court in the Pretrial Order. *See* LCR 16.1. In light of the parties' agreement regarding various issues, the Court orders that the parties' Pretrial Order reflect the following regarding claims and defenses, admitted facts, and issues of law:

1. Defendant Pham Chopra will not contest his liability on Plaintiff's claims asserted against him for conversion and breach of fiduciary duty, and will therefore not pursue defenses regarding his liability on these claims.

2. Defendant Akal Institute will not contest its liability on Plaintiff's claim for conversion asserted against Akal Institute, and will therefore not pursue defenses regarding its liability on this claims.

3. The sole remaining issue in the case is Plaintiff's claimed actual damages arising from defendants' liability on Plaintiff's claims, if any, including but not limited to attorney's fees and costs.

The Court declines to issue an advisory opinion regarding whether Mr. Chopra's stipulation to liability waives his Fifth Amendment rights. *See In re Wright*, 220 B.R. 543, 545 (S.D.N.Y. 1998) ("This Court is not empowered to issue an advisory opinion regarding the legal effect of . . . unspecified future testimony.").

As for the parties' desired jury instructions, these are normally presented to the Court in the parties' proposed joint instructions. *See* LCR 51(e). Here, proposed jury instructions are not due until November 27, 2023. Dkt. No. 73. The parties may renew their request at that time, but they must comply with the procedures set forth in Local Civil Rule 51 and the Court's Standing Order for All Civil Cases. *See* Dkt. No. 33 at 10.

The parties' Stipulated Motion Re Issues Remaining for Trial is accordingly GRANTED IN PART and DENIED IN PART as described above.

Dated this 13th day of June, 2023.

*Lauren King*
Lauren King
United States District Judge