UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRIVATE CLIENT FIDUCIARY CORPORATION, a Washington Corporation, as Guardian and Conservator of JOGINDER CHOPRA, M.D., an Incapacitated Person,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>PHAM SINGH CHOPRA, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 22-CV-00436-LK<br><br>ORDER GRANTING STIPULATION AND APPOINTING SETTLEMENT GUARDIAN AD LITEM |

　　　　This matter comes before the Court on the parties' Stipulated Motion to Appoint a Settlement Guardian Ad Litem. Dkt. No. 92. The motion is granted.

## I.　BACKGROUND

　　　　Dr. Joginder Chopra appointed her brother Pham Chopra to serve as her attorney-in-fact. Dkt. No. 53 at 2–3. Shortly after the appointment, however, Dr. Chopra experienced a steep and continuous cognitive decline. *Id.* at 2. Pham Chopra meanwhile transferred over $23 million from Dr. Chopra's Fidelity account to his own and to that of Akal Institute. *Id.* He ultimately resigned

as attorney-in-fact following an Adult Protective Services investigation into his alleged financial exploitation of Dr. Chopra. *Id.* In August 2021, the King County Superior Court appointed Private Client Fiduciary Corporation as guardian and conservator of Dr. Joginder Chopra and her estate. *Id.* at 2–3; Dkt. No. 1 at 1, 4. Private Client then filed this suit against Pham Chopra and Akal Institute for breach of fiduciary duty, unjust enrichment, and conversion. Dkt. No. 53 at 3.[1]

In July 2023, the parties jointly moved the Court to stay this case pending finalization of a formal settlement. Dkt. No. 87 at 1. They also indicated their intent to seek Court approval of the settlement under LCR 17(c) because Dr. Chopra is "incapacitated." *Id.* The Court granted the motion and stayed the case pending finalization of the parties' formal settlement agreement and resolution of their forthcoming LCR 17(c) approval motion. Dkt. No 88. Although the parties anticipated finalizing the agreement within fourteen days, Dkt. No. 87 at 1, over three months passed due to an "impasse" in settlement discussions—an issue the parties submitted to binding arbitration. Dkt. No. 89 at 1; Dkt. No. 90 at 1 (September 2023 Joint Status Report indicating that the parties had received an interim award, were awaiting a final award in the "near future," and planned to finalize the settlement agreement).

The parties now petition the Court to appoint attorney Jean Gompf as "settlement guardian ad litem to investigate the reasonableness of the proposed settlement and to report to the Court thereon." Dkt. No. 92 at 1.

**II. DISCUSSION**

A district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2);

---

[1] The Court dismissed Private Client's unjust enrichment claim. *Id.* at 13–14. The parties also subsequently agreed that Pham Chopra would not contest his liability for conversion and breach of fiduciary duty, and that Akal Institute would not contest its liability for conversion. Dkt. No. 79 at 2–3. The sole issue remaining for trial was damages. *Id.* at 3.

*see also United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) (Rule 17(c) obligates a district court "to take whatever measures it deems proper to protect an incompetent person during litigation.").[2] The Local Civil Rules codify this requirement, too. In any settlement involving the claim of an incompetent litigant, the district court must appoint "an independent guardian ad litem, who shall be an attorney-at-law," and that guardian ad litem "shall investigate the adequacy of the offered settlement and report thereon[.]" LCR 17(c). The parties correctly recognize one of the exceptions to this requirement: when "a general guardian has been previously appointed" for the incompetent party, the district court "may dispense with the appointment of the guardian ad litem[.]" *Id.*; Dkt. No. 92 at 2. That is the case here. As noted, Private Client was appointed as Dr. Chopra's guardian and conservator in August 2021. The parties nevertheless "concur" that Ms. Gompf should be appointed as settlement guardian ad litem "to evaluate the reasonableness of the settlement and to report to the Court regarding the same." Dkt. No. 92 at 2. They have also agreed that Dr. Chopra's conservatorship estate "will pay any fees or expenses associated with Ms. Gompf's investigation and report." *Id.*

Based on a review of Ms. Gompf's background, qualifications, and experience, the Court agrees that she is a fit and proper person to serve as settlement guardian ad litem for Dr. Chopra. *See id.* (representing that Ms. Gompf is "a highly experienced and accomplished attorney with experience as a settlement guardian ad litem in state and federal court, and who has confirmed her lack of any conflicts and availability to immediately undertake this work"); Dkt. No. 92-1 (Ms. Gompf's credentials and experience).

---

[2] The "obligation to appoint a guardian ad litem or to issue another appropriate order under Rule 17(c) does not arise until after a determination of incompetence has been made by the court[.]" *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1049–50 (E.D. Cal. 2015) (cleaned up). Based on the parties' representations and the remainder of the record, the Court is reasonably convinced that Dr. Chopra is not competent to understand the significance of these legal proceedings or their effect on her best interests. *See Aradon v. Snohomish Cnty.*, No. 2:20-CV-1665-RSM-DWC, 2021 WL 3544923, at *1 (W.D. Wash. Aug. 11, 2021); *Graham v. Graham*, 240 P.2d 564, 565 (Wash. 1952).

## III. CONCLUSION

The Court GRANTS the parties' stipulated motion, Dkt. No. 92, and APPOINTS Jean Gompf as settlement guardian ad litem for Dr. Chopra in this matter. Ms. Gompf shall discharge her duties and obligations pursuant to applicable law, including Federal Rule of Civil Procedure 17 and Local Civil Rule 17. Ms. Gompf shall be compensated at her normal hourly rate.

The Court further ORDERS and DIRECTS Ms. Gompf to review the proposed settlement in this matter and prepare a report consistent with Local Civil Rule 17, and to file that report with this Court on or before December 1, 2023. The parties may move for an extension of this deadline, if necessary, by filing the appropriate motion. Plaintiff's counsel is DIRECTED to serve a copy of this Order on Ms. Gompf and to file proof of such service within seven days of the date of this Order.

This case shall remain STAYED pending the Court's receipt of Ms. Gompf's report and, should it be satisfied with the terms of the proposed settlement, its final approval of that settlement.

Dated this 31st day of October, 2023.

*Lauren King*

Lauren King
United States District Judge