1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

| | |
|---|---|
| PRIVATE CLIENT FIDUCIARY CORPORATION, a Washington Corporation, as Guardian and Conservator of JOGINDER CHOPRA, M.D., an Incapacitated Person,<br><br>Plaintiff,<br>v.<br><br>PHAM SINGH CHOPRA, et al.,<br><br>Defendants. | CASE NO. 22-CV-00436-LK<br><br>ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPROVE SETTLEMENT AND GUARDIAN AD LITEM FEES |

18

19

20

21

22

23

24

This matter is before the Court on the report of settlement guardian ad litem Jean Gompf. Dkt. No. 96. Ms. Gompf recommends that the Court approve the parties' proposed settlement, approve and direct payment of her fees and costs, and discharge her. *Id.* at 1–2. Having reviewed Ms. Gompf's report and the remainder of the record, the Court orders the parties to show cause why it should not take these recommended actions and dismiss the case with prejudice and without an award of fees or costs to any party. To the extent the parties do not object to Ms. Gompf's recommendations, the parties must submit a proposed order.

ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPROVE SETTLEMENT AND GUARDIAN AD LITEM FEES - 1

1            **I.        BACKGROUND**

2          In 2016, Dr. Joginder Chopra appointed her brother Pham Chopra to serve as her attorney-

3    in-fact. Dkt. No. 53 at 2–3. Shortly after the appointment, however, Dr. Chopra experienced a

4    steep and continuous cognitive decline. *Id.* at 2. Mr. Chopra meanwhile transferred over $23

5    million from Dr. Chopra's Fidelity account to his own and to that of Akal Institute. *Id.* He

6    ultimately resigned as attorney-in-fact following an Adult Protective Services investigation into

7    his alleged financial exploitation of Dr. Chopra. *Id.* In August 2021, the King County Superior

8    Court appointed Private Client Fiduciary Corporation as guardian and conservator of Dr. Chopra

9    and her estate. *Id.* at 2–3; Dkt. No. 1 at 1, 4. Private Client then filed this suit against Mr. Chopra

10   and Akal Institute for breach of fiduciary duty, unjust enrichment, and conversion. Dkt. No. 53 at

11   3. Following the Court's dismissal of Private Client's unjust enrichment claim, *id.* at 13–14, the

12   parties agreed that Mr. Chopra would not contest his liability for conversion and breach of

13   fiduciary duty, and that Akal Institute would not contest its liability for conversion, Dkt. No. 79 at

14   2–3. The sole issue remaining for trial was damages. *Id.* at 3.

15         In July 2023, the parties jointly moved the Court to stay this case pending finalization of a

16   formal settlement. Dkt. No. 87 at 1. They also indicated their intent to seek Court approval of the

17   settlement under LCR 17(c) because Dr. Chopra is "incapacitated." *Id.* The Court granted the

18   motion and stayed the case pending finalization of the parties' formal settlement agreement and

19   resolution of their forthcoming LCR 17(c) approval motion. Dkt. No 88. During the stay, the

20   parties arbitrated a dispute over the language and terms of the settlement agreement, resulting in

21   an Interim Arbitration Award and Stipulated Arbitration Order outlining the language to be

22   included in the final settlement agreement. Dkt. No. 89 at 1; Dkt. No. 90 at 1; Dkt. No. 96 at 5.

23         In October 2023, the parties moved the Court to appoint attorney Jean Gompf as

24   "settlement guardian ad litem to investigate the reasonableness of the proposed settlement and to

ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPROVE SETTLEMENT AND GUARDIAN
AD LITEM FEES - 2

1    report to the Court thereon." Dkt. No. 92 at 1. The Court granted the parties' motion, Dkt. No. 93,

2    and Ms. Gompf submitted her report earlier this month, Dkt. No. 96.

3                        **II.        DISCUSSION**

4          Under Rule 17 of the Federal Rules of Civil Procedure, the Court has a "special duty" to

5    "safeguard the interests of litigants who are minors" or incompetent. *Robidoux v. Rosengren*, 638

6    F.3d 1177, 1181 (9th Cir. 2011); *see also* LCR 17(c) (the district court must appoint an independent

7    guardian ad litem who is an attorney-at-law in any case that requires court approval of a settlement

8    involving the claim of a minor or incompetent). The Ninth Circuit in *Robidoux* stated that in cases

9    involving minors, "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in

10   light of their claims and average recovery in similar cases, the district court should approve the

11   settlement as proposed by the parties." 638 F.3d at 1182.

12         Although *Robidoux* expressly limited its holding to cases involving settlement of a minor's

13   federal claims, *id.* at 1179 n.2, district courts have applied this rule in the context of an incompetent

14   litigant's state law claims. *See, e.g.*, *Fletcher v. Fresno Food Concept, Inc.*, No. 1:22-CV-00180-

15   AWI-BAM, 2022 WL 2802282, at *3 (E.D. Cal. July 18, 2022), *report and recommendation*

16   *adopted*, 2022 WL 4237539 (E.D. Cal. Sept. 14, 2022); *Motlagh v. Macy's Corp. Servs., Inc.*, No.

17   19-CV-00042-JLB, 2020 WL 7385836, at *2 (S.D. Cal. Dec. 16, 2020). Here, the Court has been

18   unable to identify a similar case that might serve as a helpful comparison, but it will review the

19   unique facts of this case and explain why the settlement agreement provides a fair and reasonable

20   recovery to Dr. Chopra.

21         The salient features of the deal the parties have struck are as follows:

22   • Private Client will dismiss this case within five business days of receiving court

23   approval of the settlement. Dkt. No. 96-1 at 2.

24   • Private Client—on its own behalf and on behalf of Dr. Chopra—will execute a

ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPROVE SETTLEMENT AND GUARDIAN
AD LITEM FEES - 3

broad release in favor of Mr. Chopra and Akal Institute. *Id.* at 2–3.

- Although Dr. Chopra's last will nominates Mr. Chopra as personal representative of Dr. Chopra's estate, Mr. Chopra will "promptly" sign a declination of that role to be filed upon Dr. Chopra's death. Within fourteen days of the dismissal of this case, Private Client and Mr. Chopra will either select a "neutral, well-qualified professional to fill that role" or submit their dispute to retired Judge Steven Scott. *Id.* at 3.

- If the Internal Revenue Service imposes Tier 1 excise taxes on Dr. Chopra's estate related to Mr. Chopra's asset transfers in 2019 and 2021, Mr. Chopra will indemnify and hold Dr. Chopra harmless against payment of such taxes. *Id.* Mr. Chopra will not provide such indemnification for Tier 2 taxes or penalties. *Id.*

- Within ten business days of court approval of the settlement, Mr. Chopra will pay Private Client $118,750 "to cover some portion of [its] attorney's fees incurred in the conservatorship." *Id.* at 3–4.

## A.      Recommendations of the Settlement Guardian Ad Litem

After reviewing legal filings, including mediation and arbitration briefs; conducting numerous interviews with attorneys involved in this dispute and a TEDRA consultant; and reviewing the parties' settlement agreement, CR 2A Agreement, and a guardianship inventory, Ms. Gompf recommends approving the settlement agreement. Dkt. No. 96 at 1–4. She correctly notes that various matters were "vigorously contested" throughout this dispute as the parties made their way through litigation, mediation, and arbitration. *Id.* at 6. The parties and their experts continue to dispute the financial fallout from Mr. Chopra's asset transfers; Private Client's CPA contends that these actions resulted in a roughly three-million-dollar shortfall, while Defendants' experts argue that the result was a roughly 13-million-dollar windfall. *Id.* at 7–8. However, to date,

ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPROVE SETTLEMENT AND GUARDIAN AD LITEM FEES - 4

1    the Internal Revenue Service has not asserted a tax claim, so "[t]he issue of tax liabilities is

2    speculative[.]" *Id.* at 9. And the most recent Guardian and Conservator Annual Report and

3    Accounting filed with the King County Superior Court indicates that "[a]fter the return of her

4    funds/assets, Dr. Chopra has sufficient funds to comfortably provide for her lifestyle and care

5    needs for her remaining lifetime." *Id.*

6          Ms. Gompf concludes that Dr. Chopra is more fortunate than most victims in that the

7    transferred funds were returned at the "apex of the market," and although damages are speculative

8    at this point, Mr. Chopra has agreed to indemnify her in the event the Internal Revenue Service

9    seeks Tier 1 excise taxes. *Id.* at 9–10. Ms. Gompf also believes that Mr. Chopra's payment of

10   $118,750 will offset some of Private Client's expenses, and that Dr. Chopra's assets are insulated

11   from future harm through Mr. Chopra's agreement to decline serving as a personal representative

12   for her estate. *Id.* at 10. Ms. Gompf further observes that continued litigation is expensive with no

13   guarantee of the outcome. *Id.*

14         Considering all of the above, the Court concludes that the protections and monetary

15   benefits provided to Dr. Chopra in the settlement agreement are fair and reasonable in light of the

16   facts of the case, her claims, and the cost and uncertainty associated with continued litigation.

17   **B.      Settlement Guardian Ad Litem's Costs and Fees**

18         Ms. Gompf spent 13.5 hours on her report, for a total of $4,750 in fees. Dkt. No. 96-2 at

19   2–4.[1] She has waived costs. *Id.* at 4. The Court has reviewed Ms. Gompf's report and billing entries

20   from October 19, 2023 to December 1, 2023, and notes that she has written off charges for three

21   entries. *Id.* at 2–4. The Court finds that her fees are reasonable, as is her hourly rate for this work.

22

23

24   ---

[1] Although Ms. Gompf's normal hourly rate is higher, she has charged $350 per hour in this case. *Id.* at 2.

ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPROVE SETTLEMENT AND GUARDIAN
AD LITEM FEES - 5

### III.      CONCLUSION

Having found that the settlement agreement and Ms. Gompf's fees are reasonable and fair, the Court orders the parties to show cause within 21 days from the date of this Order why it should not:

- approve the settlement;

- approve Ms. Gompf's fees and direct Dr. Chopra's conservatorship estate to pay them (*see* Dkt. No. 92 at 2);

- discharge Ms. Gompf as settlement guardian ad litem; and

- dismiss this case with prejudice and without an award of fees or costs to any party.

To the extent the parties do not object to the above actions, the parties must submit a proposed order no later than 21 days from the date of this Order.

Dated this 21st day of December, 2023.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPROVE SETTLEMENT AND GUARDIAN AD LITEM FEES - 6